## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KATHRYN L. FITZGIBBON,<br>LAUREN M. FLEMING, and<br>ALL SIMILARLY SITUATED CURRENT<br>AND FORMER EMPLOYEES OF<br>ING BANK, fsb, AND ITS WHOLLY<br>OWNED SUBSIDIARIES,<br>　　　Plaintiffs, | *<br>*<br>*<br>*<br>*<br>*<br>*<br>* | |
| | * | C.A. NO. |
| | * | |
| 　　　　　　v. | * | |
| | * | |
| ING BANK, fsb, (a Delaware corporation),<br>and ALL OTHER WHOLLY OWNED<br>SUBSIDIARIES OF ING BANK, fsb,<br>WHICH HAVE EMPLOYED<br>SIMILARLY  SITUATED CURRENT<br>AND FORMER EMPLOYEES SINCE<br>November 16, 2004, | *<br>*<br>*<br>*<br>*<br>*<br>* | JURY TRIAL DEMANDED |
| 　　　Defendants. | *<br>* | |

## COMPLAINT

## INTRODUCTION

1.      Named Plaintiffs, Kathryn L. Fitzgibbon ("Ms. Fitzgibbon") and Lauren

M. Fleming ("Ms. Fleming")(collectively "Named Plaintiffs"), for themselves

individually, and on behalf of all similarly situated current and former employees of

Defendant ING Bank, fsb (collectively and individually "Plaintiffs"), file this action

against Defendant ING Bank, fsb, ("ING") and all other wholly owned subsidiaries of

ING that have employed Plaintiffs (collectively and singularly "Defendants") for past

wages owed in the nature of unpaid wages and overtime pay as well as other damages

and remedies.

2.      Plaintiffs contend that Defendants willfully violated the *Fair Labor Standards Act* ("FLSA"), as amended, 29 U.S.C. § 201 et seq., as well as the applicable United States Department of Labor Regulations, including 29 C.F.R. § 541.103 et seq., when it willfully failed to pay them for overtime worked and intentionally misclassified them as "exempt" employees under the FLSA.

3.      Named Plaintiffs also assert individual claims of retaliation against ING in response to their asserting claims for unpaid overtime in violation of the FLSA, and for breach of contract for ING failing to perform under their severance agreements.

## JURISDICTION

4.      This Court has federal question jurisdiction over this cause of action pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.  This Court has supplemental jurisdiction over Named Plaintiffs' breach of contract claims pursuant to 28 U.S.C. § 1367.

5.      Venue is proper in this Court pursuant to 29 U.S.C. § 1132 and/or § 1451, as well as 28 U.S.C. § 1391(b).

## PARTIES

6.      Plaintiff, Kathryn L. Fitzgibbon, is an individual residing at 1327 North Clayton Street, Wilmington, DE 19806 and a former employee of ING.

7.      Plaintiff, Lauren M. Fleming, is an individual residing at 5107 Diana Drive, Wilmington, DE 19808 and a former employee of ING.

8.     Additional Plaintiffs are current and former employees of Defendants who, between November 16, 2004 and present, did not receive all overtime compensation due to them under the FLSA.

9.     All of the Named Plaintiffs have filed written consents to join this action. (See Ex. A).

10.     Former and current employees may file written consents to join this representational action.

11.     Defendant, ING Bank, fsb, is a Delaware corporation duly organized and existing under the laws of the State of Delaware, whose registered agent for the service of process is Deneen Stewart, One South Orange Street, Wilmington, DE 19801. ING DIRECT (the operating name of ING Bank, fsb) is headquartered in Wilmington, Delaware at 802 Delaware Avenue, Wilmington DE 19801, and operates an ING DIRECT Café in Wilmington, Delaware.

12.     ING is a member of the FDIC (Federal Deposit Insurance Corporation) which insures bank deposits up to $100,000.

13.     Additional Defendants include all of ING's wholly owned subsidiaries, affiliates or any other wholly owned entity.

14.     Defendants are global financial institutions offering banking, insurance and asset management to over 60 million private, corporate and institutional clients in more than 50 countries.

15.     Defendants employ more than 10,000 people in the United States, including Minnesota, California, Delaware, New York, Illinois and Pennsylvania.

## FACTUAL BACKGROUND

16.    At all relevant times herein, Defendants' business activities were/are related and performed through unified operations or common control for a common business purpose and constituted/constitute an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

17.    At all relevant times herein, Defendants employed and continue to employ persons in its places of business in furtherance of the activities of the above enterprises while engaged in commerce and, also at all relevant times herein, Defendants engaged and continue to engage in commerce by selling and/or providing goods or services to its customers.

18.    At all relevant times herein, Defendants' businesses and enterprises had/has an annual gross volume of sales made and/or business done in an amount of not less than Five Hundred Thousand Dollars ($500,000.00).

19.    ING previously employed the Named Plaintiffs in nonexempt positions in their public relations and marketing departments. Defendants have employed or currently employs other Plaintiffs in various similar nonexempt positions in their public relations and/or marketing departments and/or in similar nonexempt positions.

20.    Defendants' foster a workplace environment that decreases the importance of the individual employees' titles. Moreover, Defendants' employees typically identify themselves with the department in which they work rather than by their job title.

21.    Defendants have exercised and continue to exercise direction and control over the employment and compensation of Plaintiffs.

22. Defendants suffered or permitted, and continue to suffer or permit, Plaintiffs to work in excess of forty (40) hours during their work weeks without compensating them as required under the FLSA.

23. Named Plaintiffs are situated similarly to a number of current and former employees of Defendants who worked in the public relations and/or marketing departments and/or in similar nonexempt positions during the three years immediately preceding the filing of this lawsuit.

24. The remaining Plaintiffs had the same or closely similar job duties as the Named Plaintiffs. Such duties and include, but are not limited to:

    a.    Preparing and disseminating information about Defendants' companies, services and products;

    b.    Disseminating this information through intermediaries such as advertisements, internet or newspaper articles;

    c.    Assuring that the information conformed to Defendants' brand positioning and style guide;

    d.    Executed Defendants' communications plans; and

    e.    Plaintiffs' duties were highly concentrated on utilizing the computer-based applications Word, Excel and PowerPoint.

25. Conversely, Plaintiffs were:

    a.    Permitted little discretion in their communications, in that the communications were either required to be approved prior to the dissemination of the communication and/or the communications disseminated were required to conform to strict company guidelines;

b.    Unable to hire or fire other employees;

c.    Not customarily and regularly involved in the direction of the work of two or more other full-time employees; and

d.    Not permitted to exercise discretion and independent judgment with respect to matters of significance.

26.    Plaintiffs were paid by Defendants in the same manner and under the same policy in violation of the FLSA.

27.    Accordingly, the Named Plaintiffs are representative of all similarly situated Plaintiffs employed in a nonexempt capacity by Defendants in their public relations and/or marketing departments and/or other similarly situated positions who function at Named Plaintiffs' level or responsibility and/or salary grade and below. Due to Defendants' atmosphere of decreased importance on employees' job titles, Plaintiffs are unable at present to specifically identify the job titles of the employees who are similarly situated.

28.    For the three-year period immediately preceding the filing of this Complaint, Defendants failed to pay Plaintiffs the compensation to which they were entitled under the FLSA for, on average, at least 10 to 16 hours per work week. Some Plaintiffs worked in excess of this amount with no compensation – overtime or otherwise.

29.    Defendants willfully and knowingly misclassified Plaintiffs as "exempt" employees under the FLSA as Plaintiffs do not fall within an exemption permitted by the FLSA.

30.    Defendants knew and showed reckless disregard for the fact that its pay policies and/or practices with respect to Plaintiffs violated the FLSA. Defendants'

violations in this regard were committed willfully and recklessly in that Defendants knew that Plaintiffs were working in excess of 40 hours per work week and that Plaintiffs were not receiving the compensation to which Plaintiffs were entitled under the FLSA.

31.    Defendants' deceptive and misleading conduct prevented Plaintiffs and the Class Members from discovering or asserting their FLSA claims any earlier than they did.  This deceptive and misleading conduct includes, but is not limited to concealing from Plaintiffs the existence of their FLSA claims and intentionally misleading Plaintiffs to believe that their pay policies were not unlawful.

32.    The precise amount of compensation due to Plaintiffs is unknown because the information required (i.e. time records, work schedules, etc.) are under the exclusive control of Defendants.  However, given the amount of hours over forty (40) per work week that were worked by Plaintiffs, that amount is substantial.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
*(By Plaintiffs vs. Defendants)*

33.    Plaintiffs repeat and re-allege the allegations set forth in Paragraphs 1 through 32 by reference as if specifically set forth herein.

34.    Defendants have at all times herein, continuously and willfully violated, and continues to willfully violate, Sections 7 and 5(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 216(a)(2), by misclassifying Plaintiffs as employees who are exempt from the overtime requirements of the FLSA and applicable regulations and in failing and refusing to pay time-and-a-half to Plaintiffs who worked in excess of forty (40) hours per work week.

35.    The FLSA violations set forth in the preceding paragraphs were knowing and willful.

36.    Defendant is bound by federal law to pay all non-exempt employees time-and-a-half for every work hour completed above and beyond a standard forty (40)-hour work week.

## COUNT II
## FLSA RETALIATION
*(By Named Plaintiffs vs. ING)*

37.    Named Plaintiffs repeat and re-allege the allegations set forth in Paragraphs 1 through 3 by reference as if specifically set forth herein.

38.    Ms. Fitzgibbon began her employment with ING in or about September 2004 and was terminated from her employment on August 27, 2007.

39.    Ms. Fleming began her employment with ING on or about June 9, 2003 and was also terminated from her employment on August 27, 2007.

40.    On September 9, 2007, Named Plaintiffs each executed separate severance agreements with ING entitling them to additional compensation and benefits.

41.    The right to assert a claim for overtime compensation under the FLSA is one that may not be legally waived or released.

42.    Any waiver of their rights to assert a claim under the FLSA contained in said severance agreements would have made the severance agreements null and void as against established law and/or public policy.

43.    Shortly after the severance agreements were executed, ING began paying Named Plaintiffs according to the terms of those severance agreements.

44.    On October 5, 2007 Named Plaintiffs' attorney a sent letters to ING on behalf of Named Plaintiffs identifying ING's violations of the FLSA with respect to Named Plaintiffs employment.

45.    Immediately after ING received that correspondence, it ceased paying Named Plaintiffs in accordance with the terms of severance agreements.

46.    ING's actions in this regard are a direct response to, and in retaliation for, named Plaintiffs exercising their rights under the FLSA.

47.    Named Plaintiffs have suffered damages due to ING's retaliation for their asserting their federal rights under the FLSA.

## COUNT III
## BREACH OF CONTRACT
### (By Named Plaintiffs vs. ING)

48. Plaintiffs repeat and re-allege the allegations set forth in Paragraphs 1 through 47 by reference as if specifically set forth herein.

49. The severance agreements between named Plaintiffs and ING are valid contracts.

50. ING failed to perform under those contracts thereby breaching the contracts.

51. Named Plaintiffs have suffered and continue to suffer damages due to ING's breach of the severance agreement contracts in terms of lost monies and benefits due and owing under the severance agreements.

**WHEREFORE**, Plaintiffs respectfully move this Court to enter judgment in their favor and award the following relief:

a)      Pursuant to the procedure the United States Supreme Court set forth in *Hoffman-LaRoche v. Sperling*, 493 U.S. 165, 110 S.Ct. 482 (1989), approve the sending of a Notice and Consent form to all Plaintiffs who Defendants employed as non-exempt employees in the public relations and/or marketing departments and/or other similarly situated positions who function at Named Plaintiffs' level or responsibility and/or salary grade and below whose primary job functions are the communication of information pertaining to Defendants' companies, services or products between November 16, 2004 and the present time. The notice shall inform each such individual of this lawsuit and the right to file a written consent to join the lawsuit as a Plaintiff;

b)      Award Plaintiffs all compensation due for all hours worked during the three years before the filing of this Complaint;

c)      Award Plaintiffs an equal and additional amount as liquidated damages;

d)      Award Plaintiffs costs and reasonable attorney's fees;

e)      Award Plaintiffs interest accruing from each week that Defendants failed to compensate Plaintiffs for overtime worked;

f)      Award Named Plaintiffs an amount equal to that which they are entitled under their severance agreements with ING;

g)      Award Named Plaintiffs an equal and additional amount to which they are entitled under the severance agreements with ING as liquidated damages;

h)      Award Named Plaintiffs costs and reasonable attorneys' fees;

i)      Award Named Plaintiffs interest accruing from the time that ING breached their severance agreements;

j)      Declare that Defendants' policies and/or practices identified herein are and continue to be in direct violation of the FLSA and enjoin Defendants from continuing said policies and/or practices;

k)      Any and all such other relief as the Court deems appropriate under the circumstances.

*MARTIN & WILSON, P.A.*

Timothy J. Wilson, Esquire (#4323)
Jeffrey K. Martin, Esquire (#2407)
1508 Pennsylvania Avenue
Wilmington, Delaware 19806
(302) 777-4681 phone
(302) 777-5803 facsimile
twilson@martinandwilson.com
jmartin@martinandwilson.com
*Attorneys for Plaintiffs*

Dated: November 15, 2007

## ING BANK, fsb PLAINTIFF CONSENT FORM

I hereby consent to join the action against ING BANK, fsb, and all of its wholly owned subsidiaries ("ING") as a Plaintiff to assert claims for overtime pay. If this case does not proceed collectively, I also consent to join a subsequent action to assert these same claims. During the past three years, there were occasions when I worked over 40 hours per week for ING as a public relations associate, marketing associate or other similar nonexempt positions at ING pay grade G14 when I did not receive overtime compensation.

Lauren M. Fleming
5107 Diana Drive
Wilmington, DE 19808

If any of the above information has changed, please update.

*Lauren M Fleming*   11/9/07
Signature                          Date

*302 - 373 - 8333*
Best Telephone Numbers

*lfleming5@gmail.com*
Email Address

*4922*
Last Four Digits of Social Security Number

*Gloria Fleming 302 239 3846*
Emergency Contact (in case we lose contact)

Fax, Mail or Email to:
Martin & Wilson, P.A.
Attn. Timothy J. Wilson
1508 Pennsylvania Ave.
Wilmington, DE 19806
(302) 777-4681 Telephone
(302) 777-5803
twilson@martinandwilson.com
Web: www.overtimelawyers.org

## ING BANK, fsb PLAINTIFF CONSENT FORM

I hereby consent to join the action against ING BANK, fsb, and all of its wholly owned subsidiaries ("ING") as a Plaintiff to assert claims for overtime pay. If this case does not proceed collectively, I also consent to join a subsequent action to assert these same claims. During the past three years, there were occasions when I worked over 40 hours per week for ING as a public relations associate, marketing associate or other similar nonexempt positions at ING pay grade G14 when I did not receive overtime compensation.

Kathryn L. Fitzgibbon
1327 North Clayton Street
Wilmington, DE 19806

If any of the above information has changed, please update.

_Kathryn L. Fitzgill_     _11/8/07_
Signature                 Date

_302-743-0721 (cell) - 302-504-5254 (work)_
Best Telephone Numbers

_Kfitzgib107@gmail.com_
Email Address

_1110_
Last Four Digits of Social Securityy Number

_Patrick Callihan - 302-983-3928_
Emergency Contact (in case we lose contact)

Fax, Mail or Email to:     Martin & Wilson, P.A.
                           Attn. Timothy J. Wilson
                           1508 Pennsylvania Ave.
                           Wilmington, DE 19806
                           (302) 777-4681 Telephone
                           (302) 777-5803
                           twilson@martinandwilson.com
                           Web: www.overtimelawyers.com

# CIVIL COVER SHEET

%JS 44   (Rev. 11/04)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a)   PLAINTIFFS** Kathryn L. Fitzgibbon, Lauren M. Fleming and all similarly situated current and former employees of ING Bank, fsb and its wholly owned subsidiaries    **New Castle County**

(b)   County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

(c)   Attorney's (Firm Name, Address, and Telephone Number)
Martin & Wilson, P.A.   1508 Pennsylvania Ave   Wilmington, DE 19806   (302) 777-4681

**DEFENDANTS** ING Bank, fsb (a Delaware Corporation) and all other wholly owned subsidiaries of ING Bank, fsb, which have employed similarly situated current and former employees

County of Residence of First Listed Defendant    **New Castle County**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question (U.S. Government Not a Party)
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | **PERSONAL INJURY** | | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 362 Personal Injury - Med. Malpractice | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 365 Personal Injury - Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 320 Assault, Libel & Slander | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 480 Consumer Credit |
| | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 330 Federal Employers' Liability | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 340 Marine | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. § 201 et seq.
Brief description of cause:
COLLECTIVE ACTION FOR OVERTIME COMPENSATION; INDIVIDUAL ACTIONS FOR RETALIATION

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint: BREACH of CONTR
JURY DEMAND: ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**   (See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE  11/16/07

SIGNATURE OF ATTORNEY OF RECORD

---

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

0 7 - 7 3 5

Civil Action No. _____

# ACKNOWLEDGMENT
# OF  RECEIPT  FOR AO FORM  85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____3____ COPIES OF AO FORM 85.

_____11/16/07_____        _____
(Date forms issued)        (Signature of Party or their Representative)

                          Lauren R. Morrison
                          _____
                          (Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action