IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KATHRYN L. FITZGIBBON, LAUREN M. FLEMING, and ALL SIMILARLY SITUATED CURRENT AND FORMER EMPLOYEES OF ING BANK, fsb, AND ITS WHOLLY OWNED SUBSIDIARIES<br><br>Plaintiffs,<br><br>v.<br><br>ING BANK, fsb and ALL OTHER WHOLLY OWNED SUBSIDIARIES OF ING BANK, fsb, WHICH HAVE EMPLOYED SIMILARLY SITUATED CURRENT AND FORMER EMPLOYEES SINCE November 16, 2004<br><br>Defendants. | CIVIL ACTION<br><br>NO. 07-735 (JJF) |

**DEFENDANT ING BANK FSB'S ANSWER TO**
**COMPLAINT AND COUNTERCLAIMS**

Defendant ING Bank, fsb ("Defendant" or "ING Bank"), by and through its undersigned counsel, hereby answers the allegations directed to it in the correspondingly-numbered paragraphs of the Complaint. Plaintiffs have improperly attempted to name "All Wholly Owned Subsidiaries of ING Bank" as additional defendants to this action. Plaintiffs have not named or served any defendants other than ING Bank. Thus, to the extent the allegations in the Complaint are directed to persons other than ING Bank, it avers it has no obligation to respond and responds only on behalf of itself.

1.  ING Bank admits only that Kathryn Fitzgibbon and Lauren Fleming ("Named Plaintiffs") are former ING Bank employees and that they have brought the present action against ING Bank. ING Bank denies all remaining allegations in paragraph 1, including that

Named Plaintiffs are similarly situated to any other current or former ING Bank employees for purposes of this action.

2. The allegations of paragraph 2 are conclusions of law to which ING Bank has no obligation to respond, and therefore they are deemed denied. To the extent paragraph 2 alleges facts, ING Bank denies them.

3. ING Bank admits that Named Plaintiffs have asserted individual claims against it as set forth in the Complaint. ING Bank denies that these claims have merit and denies that Named Plaintiffs are entitled to any relief under the laws they attempt to invoke.

4. The allegations of paragraph 4 are conclusions of law to which ING Bank has no obligation to respond, and therefore they are deemed denied.

5. The allegations of paragraph 5 are conclusions of law to which ING Bank has no obligation to respond, and therefore they are deemed denied.

6. ING Bank admits that it formerly employed Kathryn Fitzgibbon. As to all other allegations of paragraph 6 of the Complaint, ING Bank lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them.

7. ING Bank admits that it formerly employed Lauren Fleming. As to all other allegations of paragraph 7 of the Complaint, ING Bank lacks knowledge or information sufficient to form a belief as to their truth and therefore denies them.

8. Denied.

9. Admitted.

10. Denied as stated. By way of further answer, ING Bank is unaware of any other of its former or current employees who wish to join in this action.

11. ING Bank admits only that its operating name is ING DIRECT and that it operates an ING DIRECT Café in Wilmington, Delaware. ING Bank denies all remaining allegations in paragraph 11 of the Complaint.

12. Admitted.

13. Denied.

14. Denied.

15. Denied.

16. The allegations in paragraph 16 are conclusions of law to which ING Bank has no obligation to respond, and therefore they are deemed denied.

17. The allegations in paragraph 17 are conclusions of law to which ING Bank has no obligation to respond, and therefore they are deemed denied.

18. Denied as stated. ING Bank admits only that its annual gross income exceeds $500,000.

19. Denied.

20. Denied as stated. ING Bank admits only that it emphasizes cooperation and collaboration between its employees across its various departments and the disciplines within each department. ING Bank denies that its employees are either unaware or disregard their respective job titles.

21. ING Bank admits only that, while it employed them, it exercised direction and control over the Named Plaintiffs' employment and compensation.

22. Denied.

23. The allegations in paragraph 23 are conclusions of law to which ING Bank has no obligation to respond, and therefore they are deemed denied. To the extent paragraph 23 of the Complaint avers facts, they are also denied.

24 (a) – (e). The allegations in paragraph 24 are conclusions of law to which ING Bank has no obligation to respond, and therefore they are deemed denied. To the extent paragraph 24 of the Complaint and its subparagraphs aver facts, it is premature for ING Bank to answer because the "remaining Plaintiffs" described in this paragraph have not yet been identified.

25 (a) – (e). Denied.

26. ING Bank denies that it violated the FLSA. The remaining allegations in Paragraph 26 are ambiguous and subject to multiple interpretations. Thus, ING Bank can neither admit nor deny such allegations.

27. The allegations in paragraph 27 of the Complaint are conclusions of law to which ING Bank has no obligation to respond, and therefore they are deemed denied. To the extent paragraph 27 alleges facts, they are also denied because ING Bank can neither admit nor deny whom, if anyone, Plaintiffs are able to identify.

28. Denied.

29. The allegations in paragraph 29 of the Complaint are conclusions of law to which ING Bank has no obligation to respond, and therefore they are deemed denied. To the extent paragraph 29 alleges facts, they are also denied.

30. The allegations in paragraph 30 of the Complaint are conclusions of law to which ING Bank has no obligation to respond, and therefore they are deemed denied. To the extent paragraph 30 alleges facts, they are also denied.

31. Denied.

32.	Denied. No additional compensation is owed to the Plaintiffs.

## As To Count I of the Complaint

33.	ING Bank incorporates by reference its answers to Paragraphs 1 through 32 of the Complaint.

34.	Denied.

35.	Denied.

36.	The allegations in paragraph 36 of the Complaint are conclusions of law to which ING Bank has no obligation to respond, and therefore they are deemed denied.

## As To Count II of the Complaint

37.	ING Bank incorporates by reference its answers to Paragraphs 1 through 36 of the Complaint.

38.	Admitted.

39.	Admitted.

40.	Admitted upon information and belief as to Ms. Fleming. Denied as to Ms. Fitzgibbon.

41.	The allegations in paragraph 41 of the Complaint are conclusions of law to which ING Bank has no obligation to respond, and therefore they are deemed denied.

42.	The allegations in paragraph 42 of the Complaint are conclusions of law to which ING Bank has no obligation to respond, and therefore they are deemed denied.

43.	Admitted.

44.	Denied as stated. ING Bank admits only that counsel for Named Plaintiffs sent a letter to ING Bank on October 5, 2007, the contents of which speak for itself.

45. Denied as stated. ING Bank admits only that it ceased making payments to Named Plaintiffs when they revealed they made material misrepresentations during the negotiation process and/or in the body of their severance agreements.

46. Denied.

47. Denied.

### As To Count III of the Complaint

48. ING Bank incorporates by reference its answers to Paragraphs 1 through 47 of the Complaint.

49. The allegations in paragraph 49 of the Complaint are conclusions of law to which ING Bank has no obligation to respond, and therefore they are deemed denied.

50. The allegations in paragraph 50 of the Complaint are conclusions of law to which ING Bank has no obligation to respond, and therefore they are deemed denied. To the extent paragraph 50 alleges facts, they are also denied.

51. Denied.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part by the applicable statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs are not proper parties to this action.

## FOURTH AFFIRMATIVE DEFENSE

The Court lacks and/or should decline to exercise supplemental jurisdiction over Named Plaintiffs' state law claims.

## FIFTH AFFIRMATIVE DEFENSE

After their employment with ING Bank concluded, Named Plaintiffs were not "employees" for the purposes of the Fair Labor Standards Act.

## SIXTH AFFIRMATIVE DEFENSE

Some of the remedies sought by Plaintiffs are not available under the causes of actions alleged.

## SEVENTH AFFIRMATIVE DEFENSE

This case is inappropriate for treatment as a collective action because Named Plaintiffs are not similarly situated to each other and/or to other ING Bank employees whom they or their counsel seek or purport to represent.

## EIGHTH AFFIRMATIVE DEFENSE

Throughout Plaintiffs' tenure with ING Bank, they were bona fide exempt employees by virtue of the duties they performed.

## NINTH AFFIRMATIVE DEFENSE

ING Bank acted at all times in good faith with reasonable grounds to believe that it was not in violation of the Fair Labor Standards Act.

## TENTH AFFIRMATIVE DEFENSE

To the extent any violation of the FLSA may be found to have occurred, it was not willful.

## ELEVENTH AFFIRMATIVE DEFENSE

Named Plaintiffs' claims are barred by Named Plaintiffs' own breaches of the terms, conditions and provisions, express and implied, of the severance agreements with ING Bank.

## TWELFTH AFFIRMATIVE DEFENSE

Named Plaintiffs' claims are barred, in whole or in part, by Named Plaintiffs' breaches of the covenant of good faith and fair dealing.

## THIRTEENTH AFFIRMATIVE DEFENSE

Named Plaintiffs' claims are barred because their alleged damages resulted from their own intentional and wrongful acts, and not through any wrongful acts by ING Bank.

## FOURTEENTH AFFIRMATIVE DEFENSE

ING Bank's actions were taken for legitimate, non-retaliatory reasons.

## FIFTEENTH AFFIRMATIVE DEFENSE

Enforcement of the severance agreements in favor of Plaintiffs would be unconscionable and contrary to public policy.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' severance agreements are void or voidable because of Plaintiffs' fraudulent misrepresentations.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs are due any damages, such damages are offset by monies ING Bank already paid to them or on their behalf.

WHEREFORE Defendant ING Bank prays that the Court dismiss the Complaint with prejudice, tax costs against Plaintiffs and grant Defendant ING Bank such other and further relief as the Court deems proper and just.

### DEFENDANT ING BANK, FSB'S COUNTERCLAIMS AGAINST PLAINTIFFS KATHRYN L. FITZGIBBON AND LAUREN M. FLEMING

ING Bank, fsb, by and through its undersigned counsel, hereby asserts the following Counterclaims against Kathryn L. Fitzgibbon and Lauren M. Fleming.

1. The allegations of the Answer and the Affirmative Defenses set forth in ING Bank's Answer are incorporated herein by reference in their entirety.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over ING Bank's Counterclaims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court because the causes of action asserted herein are based substantially upon transactions and occurrences that took place in this judicial district.

### PARTIES AND FACTUAL BACKGROUND

4. ING Bank is an FDIC-insured federally chartered savings bank that operates under the name ING DIRECT and is headquartered at 1 South Orange Street, Wilmington, Delaware, 19801.

5. Ms. Fitzgibbon is a former employee of ING Bank. She maintains that she resides at the address set forth in paragraph 6 of the Complaint.

6. Ms. Fleming is a former employee of ING Bank. She maintains that she resides at the address set forth in paragraph 7 of the Complaint.

7. On August 27, 2007, ING Bank terminated Ms. Fitzgibbon's and Ms. Fleming's employment.

8. In connection with their separation, ING Bank offered both Ms. Fitzgibbon and Ms. Fleming severance packages, as set forth in written severance agreements.

9. The written severance agreements contained, *inter alia*, the following clause (the "Whereas Clause"):

> WHEREAS, the parties now desire and agree to fully and finally resolve any and all existing or potential issues, claims, grievances and disputes that relate to or arise out of the Employee's employment relationship with the Bank or the termination thereof by the Bank.

10. Shortly after Ms. Fitzgibbon's and Ms. Fleming's receipt of the draft severance agreements, Ms. Fitzgibbon's and Ms. Fleming's counsel, Jeffrey Martin, Esquire, contacted ING Bank to negotiate the terms of the agreements.

11. During the course of these negotiations, which occurred over several days and multiple communications, Mr. Martin requested several changes to each of the agreements and, in an effort to accommodate some of Ms. Fitzgibbon's and Ms. Fleming's requests, ING Bank made certain changes to the agreements.

12. Ms. Fleming executed her severance agreement on September 9, 2007.

13. Prior to her execution of the severance agreement, Ms. Fleming concluded that she wished to assert claims for unpaid overtime compensation against ING Bank.

14. Ms. Fleming's representation in the Whereas Clause that she "desire[d] . . . to fully and finally resolve any and all existing or potential issues, claims, grievances, and disputes that relate to or arise out of" her employment with ING Bank was false.

15. Prior to her execution of the severance agreement, Ms. Fleming, Mr. Martin and/or both of them knew that the representation that Ms. Fleming gave in the Whereas Clause was false.

16. At no time prior to her execution of her severance agreement did Ms. Fleming, or Mr. Martin on her behalf, attempt to negotiate a revision to the Whereas Clause or request that the Whereas Clause be deleted.

17. At no time prior to her execution of her severance agreement did Ms. Fleming, or Mr. Martin on her behalf, inform ING Bank that the representations contained in the Whereas Clause were false.

18. Ms. Fitzgibbon executed her severance agreement on September 10, 2007.

19. Prior to her execution of the severance agreement, Ms. Fitzgibbon concluded that she wished to assert a claim for unpaid overtime compensation against ING Bank.

20. Ms. Fitzgibbon's representation in the Whereas Clause that she "desire[d] . . . to fully and finally resolve any and all existing or potential issues, claims, grievances, and disputes that relate to or arise out of" her employment with ING Bank was false.

21. Prior to her execution of the severance agreement, Ms. Fitzgibbon, Mr. Martin and/or both of them knew that the representation that Ms. Fitzgibbon gave in the Whereas Clause was false.

22. At no time prior to her execution of her severance agreement did Ms. Fitzgibbon, or Mr. Martin on her behalf, attempt to negotiate a revision to the Whereas Clause or request that the Whereas Clause be deleted.

23. At no time prior to her execution of her severance agreement did Ms. Fitzgibbon, or Mr. Martin on her behalf, inform ING Bank that the representations contained in the Whereas Clause were false.

24. On September 10, 2007, ING Bank executed Ms. Fitzgibbon's and Ms. Fleming's severance agreements.

25. ING Bank reasonably relied on Ms. Fitzgibbon's and Ms. Fleming's representations in their respective severance agreements, including those in the Whereas Clause, in executing the agreements.

26. In late September 2007, ING Bank began making payments to Ms. Fitzgibbon and Ms. Fleming, in accordance with the terms of the severance agreements.

27. On October 5, 2007, Mr. Martin sent letters to ING Bank on behalf of Ms. Fitzgibbon and Ms. Fleming. Mr. Martin represented in the letters that, notwithstanding the representations contained in the severance agreements, including the Whereas Clause, Ms. Fitzgibbon and Ms. Fleming intended to assert legal claims against ING Bank.

28. On November 15, 2007, Ms. Fitzgibbon and Ms. Fleming filed the present action, further revealing the fraudulent nature of the representations they made to ING Bank in the severance agreements.

## COUNT I – FRAUDULENT MISREPRESENTATION

29. Defendant ING Bank repeats and incorporates herein by reference the allegations of paragraphs 1 through 28 of its Counterclaims above as fully as if the same were set forth at length.

30. As a condition of entering into the severance agreements, ING Bank sought Ms. Fitzgibbon's and Ms. Fleming's commitment that they "desire[d] and agree[d] to fully and finally resolve any and all existing or potential issues, claims, grievances and disputes that relate to or arise out of [their] employment relationship with the Bank or the termination thereof by the Bank."

31. Ms. Fitzgibbon and Ms. Fleming made this commitment to ING Bank by agreeing to the Whereas Clause as originally proposed, despite ample opportunity to revise or amend the clause.

32. Ms. Fitzgibbon's and Ms. Fleming's representations concerning their intentions were false and fraudulent because Ms. Fitzgibbon and Ms. Fleming each intended to bring a claim for unpaid overtime compensation after executing their severance agreements, notwithstanding the representations they made in the severance agreements.

33. Ms. Fitzgibbon's and Ms. Fleming's fraudulent misrepresentations induced ING Bank to enter into the severance agreements.

34. ING Bank would not have entered into the severance agreement with either Ms. Fitzgibbon or Ms. Fleming if it had known that they planned to file suit against ING Bank only weeks after representing an intention to the contrary.

35. Ms. Fitzgibbon's and Ms. Fleming's fraudulent misrepresentations have caused ING Bank to suffer damages.

**COUNT II – BREACH OF IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING**

36. Defendant ING Bank repeats and incorporates herein by reference the allegations of paragraphs 1 through 35 of its Counterclaims above as fully as if the same were set forth at length.

37. The severance agreements between ING Bank and Ms. Fitzgibbon and Ms. Fleming impose an implied covenant of good faith and fair dealing. This covenant required Ms. Fitzgibbon and Ms. Fleming to refrain from fraud, deceit or misrepresentation during the negotiation process that preceded the execution of the severance agreements.

38. Rather than observing their good faith and fair dealing obligations, Ms. Fitzgibbon and Ms. Fleming filed suit against ING Bank after fraudulently misrepresenting to ING Bank during the negotiation process and/or in the severance agreements that, at the time, they desired to resolve all disputes that they had with ING Bank relating to their employment with ING Bank.

39. Ms. Fitzgibbon's and Ms. Fleming's fraudulent misrepresentations were made in bad faith and were designed to deny ING Bank of the fruit of the severance agreements.

40. As a direct and proximate result of Ms. Fitzgibbon's and Ms. Fleming's bad faith, ING Bank has suffered damages.

WHEREFORE, Defendant ING Bank requests that the Court enter judgment in its favor and against Plaintiffs:

  A. Voiding the severance agreements executed by Plaintiffs;

  B. Returning to ING Bank all monies paid by ING Bank to Named Plaintiffs or on their behalf pursuant to the severance agreements;

  C. Awarding ING Bank additional damages in an amount to be determined at trial;

  D. Awarding ING Bank its costs and disbursements in this action, as authorized by law;

  E. Awarding ING Bank prejudgment and post-judgment interest at the highest sum permitted by law; and

F.  Granting such other and further relief as the Court deems equitable, just and proper.

Dated: December 10, 2007

/s/ Darryl A. Parson
Darryl A. Parson (I.D. No. 4134)
DRINKER BIDDLE & REATH LLP
1100 N. Market Street
Wilmington, DE 19801-1254
(302) 467-4220
(302) 467-4201 fax
Attorneys for Defendant / Counterclaim Plaintiff
ING Bank, fsb

OF COUNSEL
David J. Woolf (pro hac admission pending)
Edward N. Yost (pro hac admission pending)
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103
(215) 988-2700

## CERTIFICATE OF SERVICE

I, Darryl A. Parson, do hereby certify that, on this date, two true and correct copies of the foregoing Answer were timely served by first class mail, postage prepaid, upon the counsel for Plaintiffs on the following: Timothy J. Wilson, Esquire, 1508 Pennsylvania Avenue, Wilmington, Delaware 19806.

Dated: December 10, 2007

*/s/ Darryl A. Parson*

PHLIT\622341\3