**IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE**

KATHRYN L. FITZGIBBON,        :
LAUREN M. FLEMING, and       :
ALL SIMILARLY SITUATED CURRENT :
AND FORMER EMPLOYEES OF     :
ING BANK, fsb, AND ITS WHOLLY  :
OWNED SUBSIDIARIES,        :
                        :
     Plaintiffs,          :
                        :     C.A. NO. 07-735 (JJF)
     v.              :
                        :
ING BANK, fsb, (a Delaware corporation), :
and ALL OTHER WHOLLY OWNED  :     JURY TRIAL DEMANDED
SUBSIDIARIES OF ING BANK, fsb,   :
WHICH HAVE EMPLOYED       :
SIMILARLY SITUATED CURRENT   :
AND FORMER EMPLOYEES SINCE  :
November 15, 2004,           :
                        :
     Defendants.        :

**DEFENDANT / COUNTERCLAIM PLAINTIFF ING BANK, FSB'S
RESPONSE IN OPPOSITION TO PLAINTIFFS / COUNTERCLAIM
DEFENDANTS' MOTIONS TO DISMISS ING BANK'S
COUNTERCLAIMS AND FOR JUDGMENT ON THE PLEADINGS**

Defendant / Counterclaim Plaintiff ING Bank, fsb ("ING Bank"), by its counsel, hereby

responds to Plaintiffs / Counterclaim Defendants' Motion to Dismiss Counterclaims and for

Judgment on the Pleadings and say that – upon consideration of all the records, papers, pleadings

and exhibits in this case – Plaintiffs / Counterclaim Defendants' motion should be denied. This

Response is supported by the accompanying brief, which is incorporated herein by reference.

Respectfully submitted,

Dated: January 28, 2008

/s Darryl A. Parson
Darryl A. Parson (I.D. No. 4134)
David P. Primack (I.D. No. 4449)
DRINKER BIDDLE & REATH LLP
1100 N. Market Street
Wilmington, DE 19801-1254
(302) 467-4220
(302) 467-4201 fax
Attorneys for Defendant/Counterclaim Plaintiff
ING Bank, fsb

OF COUNSEL:
David J. Woolf (*pro hac* admission pending)
Edward N. Yost (*pro hac* admission pending)
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103
(215) 988-2700

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE DISTRICT OF DELAWARE

KATHRYN L. FITZGIBBON,      :
LAUREN M. FLEMING, and      :
ALL SIMILARLY SITUATED CURRENT :
AND FORMER EMPLOYEES OF     :
ING BANK, fsb, AND ITS WHOLLY  :
OWNED SUBSIDIARIES,       :
                         :
    Plaintiffs,           :
                         :
     v.               :     C.A. NO. 07-735 (JJF)
                         :
ING BANK, fsb, (a Delaware corporation), :
and ALL OTHER WHOLLY OWNED  :     JURY TRIAL DEMANDED
SUBSIDIARIES OF ING BANK, fsb,  :
WHICH HAVE EMPLOYED      :
SIMILARLY SITUATED CURRENT   :
AND FORMER EMPLOYEES SINCE  :
November 15, 2004,          :
                         :
    Defendants.         :

### DEFENDANT / COUNTERCLAIM PLAINTIFF ING BANK, FSB'S BRIEF IN OPPOSITION TO PLAINTIFFS / COUNTERCLAIM DEFENDANTS' MOTIONS TO DISMISS COUNTERCLAIMS AND FOR JUDGMENT ON THE PLEADINGS

On the Brief:
Darryl A. Parson (I.D. No. 4134)
David P. Primack (I.D. No. 4449)
DRINKER BIDDLE & REATH LLP
1100 N. Market Street
Wilmington, DE 19801-1254
(302) 467-4220
Attorneys for Defendant/Counterclaim Plaintiff
ING Bank, fsb

OF COUNSEL:
David J. Woolf (*pro hac* admission pending)
Edward N. Yost (*pro hac* admission pending)
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103
(215) 988-2700

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS..................................................................................... i

TABLE OF AUTHORITIES ............................................................................ ii

I.      INTRODUCTION .................................................................................. 1

II.     NATURE AND STAGE OF THE PROCEEDINGS ............................... 2

III.    SUMMARY OF ARGUMENT ............................................................... 2

IV.     COUNTERSTATEMENT OF FACTS .................................................... 3

V.      ARGUMENT ......................................................................................... 5

        A.      Standard of Review........................................................................ 5

                1.      Rule 12(b)(6) Motion to Dismiss....................................... 6

                2.      Rule 12(c) Motion for Judgment on the Pleadings ........... 6

        B.      Plaintiffs' Motion to Dismiss Should Be Denied Because ING
                Bank Has Alleged Facts Establishing Common Law Fraudulent
                Misrepresentation and Breach of the Implied Covenant of Good
                Faith and Fair Dealing. .................................................................. 7

                1.      ING Bank Has Properly Pled Its Counterclaim for
                        Fraudulent Misrepresentation. ........................................... 7

                2.      ING Bank Has Properly Pled Its Counterclaim for
                        Breach of the Implied Covenant of Good Faith and
                        Fair Dealing ..................................................................... 11

        C.      Plaintiffs' Motion for Judgment on the Pleadings Fails Because
                There is No Basis for Striking the "Whereas Clause" from the
                Severance Agreements...................................................................... 13

VI.     CONCLUSION...................................................................................... 15

# TABLE OF AUTHORITIES

## CASES

Anderson v. Wachovia Mortgage Corp., 497 F. Supp. 2d 572 (D. Del. 2007) ................12

Brooklyn Savings Bank v. O'Neil, 324 U.S. 697 (1945).....................................................10

Continental Insurance Co. v. Rutledge & Co., 750 A.2d 1219 (Del. Ch. Ct. 2000)..........12

Cummings v. Norton, No. 2:99-cv-0321PGC, 2003 U.S. Dist. LEXIS 19433 (D. Utah, Oct. 20, 2003), aff'd, 2005 U.S. App. LEXIS 62 (10th Cir. Jan 4. 2005)..........14

D.A. Schulte, Inc. v. Gangi, 328 U.S. 108 (1946) ............................................................10

Di Sabatino v. United States Fidelity & Guaranty Co., 635 F. Supp. 350 (D. Del. 1986) ......................................................................................................................9

Dunlap v. State Farm Fire & Casualty Co., 878 A.2d 434 (Del. 2005)............................11

E.I. Du Pont de Nemours & Co. v. Florida Evergreen Foliage, 744 A.2d 457 (Del. 1999) .................................................................................................................7, 8

Fineman v. Armstrong World Industrial, 774 F. Supp. 225 (D.N.J. 1991) ......................10

Fitzgerald v. Cantor, No. 16297-NC, 1998 Del. Ch. LEXIS 212 (Del. Ch. Ct. Nov. 10, 1998) ..........................................................................................................11

Griffin Corp. Services, LLC v. Jacobs, No. 396-N, 2005 Del. Ch. LEXIS 120 (Del. Ct. Ch. Aug. 11, 2005).......................................................................................10

Levy v. Hayes Lemmerz International, Inc., No. 1395-N, 2006 Del. Ch. LEXIS 68 (Del. Ch. Ct. Apr. 5, 2006) ...............................................................................11

Pfizer Inc. v. Ranbaxy Laboratories Ltd., 321 F. Supp. 2d 612 (D. Del. 2004) ............6, 14

Pisciotta v. Sturdavant, No. 1070-S, 1985 Del. Ch. LEXIS 377 (Del. Ch. Ct. Feb. 8, 1985) ................................................................................................................10

Shamrock Holdings v. Arenson, 456 F. Supp. 2d 599 (D. Del. 2006) ........................6, 14

In re Student Finance Corp., No. 03-507 JJF, 2004 U.S. Dist. LEXIS 4952 (D. Del. Mar. 23, 2004).............................................................................................7

<u>Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.</u>, 140 F.3d 478 (3d
    Cir. 1998) ...........................................................................................6

<u>Wilgus v. Salt Pond Investment Co.</u>, 498 A.2d 151 (Del. Ch. 1985) ...............................11

## STATUTES AND RULES

29 U.S.C. § 216(b) (Fair Labor Standards Act) ...................................................................2

Fed. R. Civ. P. 12(b)(6) ...............................................................................................5, 6

Fed. R. Civ. P. 12(c) ...................................................................................................5, 6

## I.     INTRODUCTION

Plaintiffs / Counterclaim Defendants Lauren Fleming and Kathryn Fitzgibbon ("Plaintiffs") wanted to have their cake and eat it too.  They wanted their former employer, ING Bank, fsb ("ING Bank"), to give them severance packages upon the termination of their employment and then subsequently sue ING Bank for unpaid overtime compensation.  Knowing that ING Bank would not enter into agreements with them if it knew they intended to assert claims against it, Plaintiffs misrepresented in their severance agreements (the "Severance Agreements") that they "desire[d] … to fully and finally resolve any and all existing potential issues, claims, grievances and disputes related to their employment" when, in fact, their intent was directly to the contrary.

Relying on Plaintiffs' misrepresentations, ING Bank entered into the Severance Agreements with Plaintiffs.  Before the ink was dry, however, Plaintiffs disregarded the representations they made in the Severance Agreements and brought suit against ING Bank in bad faith.

The Delaware Supreme Court has recognized that the elements of a fraudulent misrepresentation claim are met when, as here, a party induces another party to enter into an agreement through a misrepresentation.  Delaware courts have also recognized claims for breach of the implied covenant of good faith and fair dealing when, as is the case here, the overarching purpose of the contract has been defeated by the fraud or bad faith of a party.

Plaintiffs, in their opening brief, ignore ING Bank's actual allegations and attempt to re-cast the issue before the Court as whether an individual may waive her rights under the Fair Labor Standards Act ("FLSA") in a severance agreement.  They miss the point.  ING Bank does not argue in its counterclaims, and is not now arguing, that Plaintiffs may not proceed under the FLSA because they waived those claims in the Severance Agreements.  Rather, ING Bank's

PHLIT\693102\3                                 1

contention is that – whether or not Plaintiffs' FLSA claims were waivable – it was entitled to

seek a representation as to whether Plaintiffs "desired" to bring other claims against it. Plaintiffs

represented that they had no such intention, but lied in doing so. ING Bank, having relied on

Plaintiff's misrepresentations in entering into the Agreements, is now entitled to invalidate them

and force Plaintiffs to return severance monies paid to them as a result of their fraud.

     Consequently, for the reasons set forth more fully below, Plaintiffs' Motion to Dismiss

and Motion for Judgment on the Pleadings should be denied.

## II.    NATURE AND STAGE OF THE PROCEEDINGS

     Plaintiffs filed a Complaint in this Court on November 15, 2007 alleging violations of the

Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA") and breach of contract.

     On December 10, 2007, ING Bank filed an Answer to the Complaint and Counterclaims

alleging fraudulent misrepresentation and breach of the covenant of good faith and fair dealing.

     On January 9, 2008, Plaintiffs filed Motions to Dismiss Defendant's Counterclaims and

for Judgment on the Pleadings as to Count III of the Complaint.

     This is ING Bank's Brief in Opposition to Plaintiffs' Motions.

## III.    SUMMARY OF ARGUMENT

    1.    ING Bank has established the elements of its fraudulent inducement claim by

alleging that Plaintiffs, in the Whereas Clause of the Severance Agreements, represented that

they "desire[d]" to resolve all claims against ING Bank, when in fact Plaintiffs desired to pursue

new claims against ING Bank; by alleging that this misrepresentation induced ING Bank to enter

into the Severance Agreements; and by alleging that ING Bank suffered harm as a result.

Plaintiffs do not challenge these facts, but argue instead that the Whereas Clause constituted an

unlawful waiver of claims. By its plain language and Plaintiffs' own admission, the Whereas

Clause was not a waiver and was never intended to be one. It was, instead, a representation of the parties' intent and desire in executing the Severance Agreements. Plaintiffs' attempt to excuse their misrepresentations by calling them an unlawful waiver thus fails.

2.    ING Bank has established the elements of its claim for breach of the covenant of good faith and fair dealing by alleging a specific implied contractual obligation, a breach of that obligation and resulting damage. Again, Plaintiffs do not address the elements of the claim, much less argue that ING Bank cannot meet them.

3.    The Court should deny Plaintiffs' Motion for Judgment on the Pleadings as to Count III of the Complaint. Without the ability to deny that they made material misrepresentations in the Whereas Clause, Plaintiffs ask the Court to strike out the Whereas Clause from the Severance Agreements as an illegal waiver. But where is the illegality? A plain reading of the Whereas Clause and Plaintiffs' own admission confirm that the Whereas Clause was never intended to be, and in fact was not, a waiver. There is thus no basis for striking it from the Severance Agreements so as to eliminate the misrepresentations.

## IV.    COUNTERSTATEMENT OF FACTS

Plaintiffs are both former ING Bank employees. See Def. ING Bank's Answer to Complaint and Counterclaims at ¶¶ 5-6.[1] On August 27, 2007, ING Bank terminated their employment. Id. at ¶ 7. In connection with their separation, ING Bank offered both Plaintiffs a severance package, as set forth in written severance agreements. Id. at ¶ 8. The Agreements contained, *inter alia*, the following clause (the "Whereas Clause"):

> WHEREAS, the parties now desire and agree to fully and finally resolve any and all existing or potential issues, claims, grievances

---

[1]    Defendant ING Bank's Answer to the Complaint and Counterclaims is attached as Exhibit "B" to Plaintiffs' Brief in Support of Their Motion to Dismiss Defendant's Counterclaims and Motion for Judgment on the Pleadings. See Exh. B, D.I. 14.

PHLIT\693102\3                                3

> and disputes that relate to or arise out of the Employee's
> employment relationship with the Bank or the termination thereof
> by the Bank.

Id. at ¶ 9.

Shortly after Plaintiffs' receipt of the Severance Agreements, Plaintiffs' counsel, Jeffrey

Martin, Esq., contacted ING Bank to negotiate the terms of the agreements. Id. at ¶ 10. During

the course of these negotiations, which occurred over several days and multiple communications,

Mr. Martin requested several changes to each of the Severance Agreements and, in an effort to

accommodate some of Plaintiffs' requests, ING Bank made certain changes to the Agreements.

Id. at ¶ 11.

Plaintiffs Fleming and Fitzgibbon executed the Severance Agreements on September 9,

and September 10, 2007, respectively. Id. at ¶¶ 12, 18. Prior to their execution of the Severance

Agreements, each Plaintiff concluded that she wished to assert claims for unpaid overtime

compensation against ING Bank. Id. at ¶¶ 13, 19. Plaintiffs' representations in the Whereas

Clause that, at the time they executed the Agreement, they "desire[d] … to fully and finally

resolve" all claims that they had related to their ING Bank employment were thus false. Id. at ¶¶

14, 20.

Prior to their execution of the Severance Agreements, Plaintiffs knew that the

representations they would give in the Whereas Clause were false. Id. at ¶¶ 15, 21. At no time

prior to their execution of the Severance Agreements did Plaintiffs, or Mr. Martin on their behalf,

attempt to negotiate a revision to the Whereas Clause or request that the Whereas Clause be

deleted. Id. at ¶¶ 16, 22. Moreover, neither Plaintiffs nor Mr. Martin on their behalf ever

informed ING Bank that Plaintiffs' representations in the Whereas Clause were false. Id. at ¶¶

17, 23.

4

On September 10, 2007, ING Bank executed the Severance Agreements. Id. at ¶ 24. ING Bank reasonably relied on Plaintiffs' representations in their respective Agreements, including those in the Whereas Clause, in executing the Severance Agreements. Id. at ¶ 25. In late September 2007, ING Bank began making payments to Plaintiffs, in accordance with the terms of the Severance Agreements. Id. at ¶ 26.

On October 5, 2007, Mr. Martin sent letters to ING Bank on behalf of Plaintiffs. Id. at ¶ 27. Mr. Martin represented in the letters that, notwithstanding the representations contained in the Severance Agreements, including the Whereas Clause, Plaintiffs intended to assert FLSA overtime claims against ING Bank. Id. On November 15, 2007, Plaintiffs filed the present action with the FLSA claims, further revealing the fraudulent nature of the representations they made to ING Bank in the Severance Agreements. Id. at ¶ 28.

## V.    ARGUMENT

### A.    Standard of Review

Plaintiffs move the Court to dismiss ING Bank's Counterclaims pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted and move under Rule 12(c) for judgment on the pleadings as to Count III of the Complaint.[2] The standard of review for both motions is set forth below.

---

[2]    Although not expressly stated, based on the arguments made, Plaintiffs' Motion for Judgment on the Pleadings clearly relates only to Count III of the Complaint, Plaintiffs' Breach of Contract claim.

1.    *Rule 12(b)(6) Motion to Dismiss*

As the moving party, Plaintiffs bear the burden of showing that the counterclaims fail to state a claim for which relief can be granted. Shamrock Holdings v. Arenson, 456 F. Supp. 2d 599 (D. Del. 2006). "The standards for determining a motion to dismiss a counter-claim are the same as for determining a motion to dismiss a complaint." Id. at 605. As Plaintiffs concede in their brief, in analyzing a motion to dismiss a counterclaim pursuant to 12(b)(6), the Court must accept as true all material allegations of the counterclaim and it must construe the counterclaim in favor of the counterclaimant. Id. "A [counterclaim] should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the [counterclaimant's] favor, no relief could be granted under any set of facts consistent with the allegations of the [counterclaim]." Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1998). "[Counterclaims] may be dismissed pursuant to a Rule 12(b)(6) motion only if the [counterclaimant] cannot demonstrate any set of facts that would entitle him to relief." Shamrock, 456 F. Supp. 2d at 605.

2.    *Rule 12(c) Motion for Judgment on the Pleadings*

"A motion under Rule 12(c) is reviewed under the same standard as a motion to dismiss under Rule 12(b)(6)." Pfizer Inc. v. Ranbaxy Laboratories Ltd., 321 F. Supp. 2d 612, 614 (D. Del. 2004). When deciding a Rule 12(c) motion for judgment on the pleadings, a District Court must view the facts and inferences to be drawn from the pleadings in the light most favorable to the non-moving party. Shamrock, 456 F. Supp. 2d at 604. The motion can be granted only if no relief could be afforded under any set of facts that could be provided. Id. (citations omitted). Judgment on the pleadings will only be granted if it is clearly established that no material issue of fact remains to be resolved and that the movant is entitled to judgment as a matter of law. Id.

**B.    Plaintiffs' Motion to Dismiss Should Be Denied Because ING Bank Has Alleged Facts Establishing Common Law Fraudulent Misrepresentation and Breach of the Implied Covenant of Good Faith and Fair Dealing.**

      **1.    *ING Bank Has Properly Pled Its Counterclaim for Fraudulent Misrepresentation.***

To state a claim for fraudulent misrepresentation, a party must allege: (1) that there was a misrepresentation; (2) that the misrepresentation was either fraudulent or material; (3) that the misrepresentation induced the recipient to enter in to the contract; and (4) that the recipient's reliance on the misrepresentation was reasonable. See In re Student Finance Corp., No. 03-507 JJF, 2004 U.S. Dist. LEXIS 4952 (D. Del. Mar. 23, 2004) (denying motion to dismiss fraud claim because elements properly pled). The Delaware Supreme Court has specifically held that these elements are satisfied and a claim for fraudulent misrepresentation is cognizable when, as here, one party to a settlement agreement makes fraudulent misrepresentations to induce the other party to enter into the agreement. See E.I. Du Pont de Nemours & Co. v. Florida Evergreen Foliage, 744 A.2d 457 (Del. 1999) (hereinafter, "Florida Evergreen").

In Florida Evergreen, the plaintiff filed suit in the Southern District of Florida alleging that Du Pont fraudulently induced it to enter into a settlement agreement by withholding material information and making other misrepresentations that impacted the value of the case. Id. at 459. Du Pont filed a motion to dismiss for failure to state a claim. Id. at 460. Because the settlement agreement was controlled by Delaware law, the District Court certified to the Delaware Supreme Court the question of whether a party who signed a settlement agreement may bring a claim for fraudulent inducement. Id. at 458. The Supreme Court answered in the affirmative, holding that Delaware recognizes a claim for common law fraudulent misrepresentation under these circumstances because "[c]andor and fair-dealing are, or should be, the hallmark of litigation and

required attributes of those who resort to the judicial process.... [I]f a party cannot release in good faith, the policy of encouraging the settlement of cases is in jeopardy." Id. at 461.

Here, as in <u>Florida Evergreen</u>, all of the required elements for common law fraudulent misrepresentation under Delaware law are met. Plaintiffs knew before executing the Severance Agreements that they were going to assert claims for unpaid overtime compensation against ING Bank. See Exh. B to Plaintiffs' Motions at ¶¶ 13, 19. They nevertheless represented in the Severance Agreements that they "desire[d] and agree[d] to fully and finally resolve any and all existing or potential issues, claims, grievances and disputes" that they had against ING Bank – in other words that, to the extent that they had claims against ING Bank, they desired to and were agreeing to release them. Id. at ¶¶ 14, 20, 32, 33. Plaintiffs' misrepresentation induced ING Bank to enter into the Severance Agreements because ING Bank would not have borne the cost of drafting the Agreements and making payments to Plaintiffs pursuant to them had it known the Plaintiffs intended to assert additional claims against it. Id. at ¶ 34. ING Bank's reliance on Plaintiffs' fraudulent misrepresentation was reasonable because Plaintiffs gave no indication to ING Bank during the negotiation process that led up to the execution of the Severance Agreements that they had any outstanding claims against ING Bank; to the contrary, they expressly represented that they had no such claims. Id. at ¶ 25. Finally, Plaintiffs' fraudulent misrepresentation caused ING Bank to suffer damages in the form of payments made to Plaintiffs under the Severance Agreements that they would not otherwise have made. They have also incurred attorneys' fees and costs associated with the present suit. Id. at ¶ 35. Thus, ING Bank has met each of the elements for common law fraudulent misrepresentation.

Plaintiffs do not identify even one element of the fraudulent misrepresentation standard that ING Bank cannot establish. Indeed, they ignore their misrepresentation altogether, arguing

instead that FLSA claims may not be waived by private agreement. D.I. 14, Plaintiffs' Opening Brief (hereinafter, "Pl. Br.") at 4-7. From this, they reach the tortured conclusion that ING Bank's counterclaims must be dismissed because they are "necessarily based upon the basic premise that the Severance Agreements contained a waiver of FLSA claims and Plaintiffs waived those rights." Id. at 6.

Plaintiffs misstate the nature of ING Bank's claims. Nowhere in its counterclaims does ING Bank allege that the Whereas Clause waived Plaintiffs' rights under the FLSA or that Plaintiffs violated the agreements by bringing suit under the FLSA. Nor does ING Bank need to make such a claim to prevail on its counterclaims. Its contention is much more direct and simple: It maintains that, knowing that they intended to file suit concerning their FLSA claims, Plaintiffs could not misrepresent otherwise in order to secure severance payments for themselves. Plaintiffs do not even attempt to dispute that this is exactly what happened here or that their misrepresentation did not have the intended effect of inducing ING Bank to enter into the Severance Agreements.

Plaintiffs had multiple options available to them at the time they were presented with and negotiated actively the Severance Agreements. They could have revised the Whereas Clause to state that they desired only to resolve "all existing or potential *waiveable* issues." Or they could have carved out FLSA claims specifically. Or, they could have struck out the Whereas Clause altogether. But they were not free to misrepresent that they "now desire[d] ... to fully and finally resolve any and all existing or potential ... claims" when, in fact, their desire was directly to the contrary. See Di Sabatino v. United States Fidelity & Guaranty Co., 635 F. Supp. 350 (D. Del. 1986) (denying motion to dismiss claim for fraudulent misrepresentation because plaintiffs alleged that the defendant insurance company knowingly misrepresented during settlement

negotiations the amount of insurance coverage available to plaintiff); Griffin Corp. Servs., LLC

v. Jacobs, No. 396-N, 2005 Del. Ch. LEXIS 120 (Del. Ct. Ch. Aug. 11, 2005) (denying motion to

dismiss claim for fraudulent misrepresentation because defendants knowingly made the false

representation that it was soliciting bids to sell its business even though it had intended all along

to sell to one party); Pisciotta v. Sturdavant, No. 1070-S, 1985 Del. Ch. LEXIS 377 (Del. Ch. Ct.

Feb. 8, 1985) (denying motion to dismiss claim for fraudulent misrepresentation because plaintiff

buyer alleged that the defendant seller knowingly misrepresented companies total gross receipts

during negotiations for purchase of business).

Brooklyn Savings Bank v. O'Neil and Schulte v. Gangi, relied on by the Plaintiffs (see

Pl. Br. at 3-4), never addressed whether a plaintiff was free to represent that she had no claims

when she knew that in fact she did. Indeed, in each of those cases, the very purpose of the

settlement agreements at issue was to address the plaintiffs' potential wage and hour claims. See

Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 699 (1945); D.A. Schulte, Inc. v. Gangi, 328

U.S. 108, 109 (1946). There was no intent to deceive and no false misrepresentation about one

party's intentions and desires. The cases thus have no applicability here.

Fineman v. Armstrong World Indus., 774 F. Supp. 225 (D.N.J. 1991), also cited by

Plaintiffs, is similarly of no moment. In Fineman, the agreement at issue was illegal. Id. at 239.

Here, by contrast, as Plaintiffs themselves acknowledge, no waiver of FLSA claims was

intended, and the Severance Agreements were perfectly legal. See Pl. Br. at 6, n.4. Further,

there is nothing illegal or inappropriate with ING Bank securing Plaintiffs' intentions about

future litigation before entering into those Agreements, even if the Agreements themselves did

not purport to, and did not, waive those claims. As any party about to enter into an agreement,

ING Bank was free to seek representations as to underlying facts that would inform its judgment with respect to whether or not to enter into the Severance Agreements.

Accordingly, ING Bank should be permitted to proceed with its fraudulent misrepresentation claims against the Plaintiffs.

### 2.     *ING Bank Has Properly Pled Its Counterclaim for Breach of the Implied Covenant of Good Faith and Fair Dealing.*

The covenant of good faith and fair dealing, implied in every Delaware contract, requires parties "in a contractual relationship to refrain from arbitrary or unreasonable conduct which has the effect of preventing the other party to the contract from receiving the fruits of the contract." Wilgus v. Salt Pond Inv. Co., 498 A.2d 151, 159 (Del. Ch. 1985). Thus, a party is liable for breaching the covenant when her conduct frustrates the "overarching purpose" of the contract by taking advantage of their position to control implementation of the agreement's terms. Dunlap v. State Farm Fire & Cas. Co., 878 A.2d 434, 442 (Del. 2005).

In order to successfully plead a breach of an implied covenant of good faith and fair dealing, the claimant must allege a specific implied contractual obligation, a breach of that obligation, and resulting damage. See Fitzgerald v. Cantor, No. 16297-NC, 1998 Del. Ch. LEXIS 212 (Del. Ch. Ct. Nov. 10, 1998) (denying motion to dismiss defendant's counterclaim for breach of the implied duty of good faith and fair dealing because the settlement agreement between the parties implied that defendant could continue a business relationship with plaintiff's competitor); see also Levy v. Hayes Lemmerz Int'l, Inc., No. 1395-N, 2006 Del. Ch. LEXIS 68 (Del. Ch. Ct. Apr. 5, 2006) (denying motion to dismiss claim for breach of the implied covenant of good faith and fair dealing because a party to indemnification agreement withheld information necessary for purposes of determining whether indemnification was warranted). The claimant

also "must demonstrate that the conduct at issue involved fraud, deceit, or misrepresentation." Continental Ins. Co. v. Rutledge & Co., 750 A.2d 1219, 1234 (Del. Ch. Ct. 2000).

In Anderson v. Wachovia Mortgage Corp., 497 F. Supp. 2d 572, 582 (D. Del. 2007), the plaintiffs, who each sought to purchase homes, entered into mortgage contracts with the defendant. The defendant made unreasonable loan conditions on the plaintiffs, however, and refused to release any funds until these conditions were met. Id. at 582. Plaintiffs filed suit claiming the defendant's conduct breached the implied duty of good faith and fair dealing. Id. at 574. The defendant filed a motion to dismiss, which this Court denied. This Court found that the plaintiffs had properly alleged that the defendant breached the specific implied contractual obligation of "reasonableness" and "fairness" and that the overarching purpose of the contract (providing mortgage funds to the plaintiffs) was defeated by the defendant's alleged bad faith. Id. at 583.

Here, as in Anderson, the specific implied contractual obligation in the severance agreements was fairness. See Exh. B to Plaintiffs' Motions at ¶ 37. The overarching purpose of the severance agreements was to settle the claims that Plaintiffs had against ING Bank, which Plaintiffs represented they were able and desired to release. Id. at ¶ 9. Plaintiffs' fraudulent misrepresentation to ING Bank in the Whereas Clause that it had no outstanding claims against it and subsequent lawsuit against ING Bank defeated this overarching purpose and robbed ING Bank of the fruit of the agreements. Id. at ¶ 39. Plaintiffs knew they had claims against ING Bank before entering into the agreements, and they knew that ING Bank would not enter into the Severance Agreements with them if outstanding claims existed between the parties. Id. Thus, they lied to ING Bank and induced it to enter into Severance Agreements that would not provide the relief that all parties knew ING Bank intended. Id. at ¶ 38. Plaintiffs' fraud also cost ING

Bank thousands of dollars in payments to Plaintiffs pursuant to the Severance Agreements

(including payments for health benefits on Plaintiffs' behalf) and in costs and legal fees to

defend the present suit. Id. at ¶ 40. Thus, ING Bank has satisfied the elements of a claim for

breach of the implied duty of good faith and fair dealing, and the Court should likewise deny

Plaintiffs' Motion to Dismiss this Counterclaim.

### C.    Plaintiffs' Motion for Judgment on the Pleadings Fails Because There Is No Basis for Striking the "Whereas Clause" from the Severance Agreements.

Faced with clear misrepresentations on which ING Bank certainly relied, Plaintiffs argue

that the Whereas Clause in which they made their misrepresentations must be stricken from the

Severance Agreements. Pl. Br. at 8. They offer, as support, the renewed assertion that ING

Bank considers the Whereas Clause to be a waiver of FLSA rights. Id. As explained above,

however, ING Bank has never argued, and does not now argue, that the Whereas Clause acts as a

waiver of rights, and Plaintiffs' Motion fails on this basis alone.

Further, ING Bank's position aside, there is simply no justification for calling the

Whereas Clause a waiver, much less a basis for striking the clause from the Severance

Agreements. By all accounts – including Plaintiffs' own (see Pl. Br. at 6, n.1 and 8, n.2) – the

Whereas Clause was not a waiver of any of Plaintiffs' rights. It was simply Plaintiffs'

representation (a) that they did not "desire" to bring other claims against ING Bank and (b) that

they were agreeing to resolve the claims that they did have. The parties' own conduct confirms

the absence of any waiver, as Plaintiffs, even after signing the Severance Agreements (including

the Whereas Clause), have pursued their FLSA claims, and ING Bank has not asserted waiver as

a defense to those claims. If Plaintiffs insist, as they do (without opposition), that the Whereas

Clause did not operate as a waiver, then how can they possibly argue in the same breath that it is

illegal and must be stricken?

Lastly, and more fundamentally, "[j]udgment on the pleadings should be granted only if it appears beyond doubt that the [non-movant] can prove no set of facts in support of [its] claims which would entitle [it] to relief." Pfizer Inc. v. Ranbaxy Laboratories Ltd., 321 F. Supp. 2d 612, 615 (D. Del. 2004); see also Shamrock Holdings v. Arenson, 456 F. Supp. 2d 599, 604 (D. Del. 2006). Here, Plaintiffs have not even addressed the fraudulent inducement elements. They do not dispute that the Whereas Clause statements that they made were inaccurate and fraudulent, that the misstatements induced ING Bank to enter into the Severance Agreements, and that ING Bank suffered damages as a result. Thus, far from demonstrating that ING Bank cannot succeed in its defenses and counterclaims, Plaintiffs effectively concede ING Bank's allegations to be true and, therefore, a valid defense to Plaintiffs' breach of contract claim.

In Cummings v. Norton, No. 2:99-cv-0321PGC, 2003 U.S. Dist. LEXIS 19433 (D. Utah, Oct. 20, 2003), aff'd, 2005 U.S. App. LEXIS 62 (10th Cir. Jan 4. 2005), the plaintiff alleged that the defendant, his former employer, had breached the settlement agreement between the two sides. Id. at *1-2. The defendant raised, as a defense, the plaintiff's misrepresentation during settlement negotiations that he had no "skeletons in the closet" when in fact he did, and moved for summary judgment on the breach of contract claim. Id. at *10. The Court granted the defendant's motion and held the settlement agreement voidable and unenforceable because the plaintiff's misrepresentation was material, it induced defendant to enter into the settlement agreement, and the defendant was justified in relying on the misrepresentation. Id. at *11-18.

This case presents a factual scenario virtually identical to that in Cummings. Plaintiffs' Motion for Judgment on the Pleadings thus falls short for several reasons and should be denied.

## VI.    CONCLUSION

ING Bank has alleged facts necessary to establish claims for fraudulent misrepresentation and breach of the covenant of good faith and fair dealing. Plaintiffs do not challenge these elements, but instead argue that the Whereas Clauses in which Plaintiffs misrepresented their intentions constitute an improper waiver of claims and/or that ING Bank believes that they do. In actuality, ING Bank has no such belief, and the Whereas Clauses were not such a waiver. For this reason and others set forth above, ING Bank respectfully requests that the Court deny Plaintiffs' Motions to Dismiss and for Judgment on the Pleadings.

Respectfully submitted,

Dated: January 28, 2008

/s Darryl A. Parson
Darryl A. Parson (I.D. No. 4134)
David P. Primack (I.D. No. 4449)
DRINKER BIDDLE & REATH LLP
1100 N. Market Street
Wilmington, DE 19801-1254
(302) 467-4220
(302) 467-4201 fax
Attorneys for Defendant/Counterclaim Plaintiff
ING Bank, fsb

OF COUNSEL:
David J. Woolf (*pro hac* admission pending)
Edward N. Yost (*pro hac* admission pending)
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103

PHLIT\693102\3                                        15

## CERTIFICATE OF SERVICE

I, David P. Primack, do hereby certify that, on this date, a true and correct copy of the foregoing Opposition to Plaintiffs' Motion to Dismiss and Motion for Judgment on the Pleadings was timely served by CM/EMF and by first class mail, postage prepaid, upon the following counsel for Plaintiffs:

Timothy J. Wilson, Esquire
1508 Pennsylvania Avenue
Wilmington, Delaware 19806

Dated: January 28, 2008                     /s David P. Primack
                                            David P. Primack (I.D. No. 4449)
                                            DRINKER BIDDLE & REATH LLP
                                            1100 N. Market Street
                                            Wilmington, DE 19801-1254
                                            (302) 467-4220
                                            (302) 467-4201 fax
                                            david.primack@dbr.com

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

KATHRYN L. FITZGIBBON,           :
LAUREN M. FLEMING, and           :
ALL SIMILARLY SITUATED CURRENT :
AND FORMER EMPLOYEES OF          :
ING BANK, fsb, AND ITS WHOLLY    :
OWNED SUBSIDIARIES,              :
                                 :
        Plaintiffs,              :
                                 :          C.A. NO. 07-735 (JJF)
                                 :
        v.                       :
                                 :
ING BANK, fsb, (a Delaware corporation), :
and ALL OTHER WHOLLY OWNED       :          JURY TRIAL DEMANDED
SUBSIDIARIES OF ING BANK, fsb,   :
WHICH HAVE EMPLOYED              :
SIMILARLY SITUATED CURRENT       :
AND FORMER EMPLOYEES SINCE       :
November 15, 2004,               :
                                 :
        Defendants.              :

## ORDER

        AND NOW, this        day of             2008, upon consideration of Plaintiffs /

Counterclaim Defendants' Motion to Dismiss Defendant / Counterclaim Plaintiff ING Bank,

fsb's Counterclaims for Failure to State a Cause of Action Pursuant to Rule 12(b)(6) and Motion

for Judgment on the Pleadings pursuant to Rule 12(c), and Defendant / Counterclaim Plaintiff

ING Bank's Response thereto, it is hereby

        ORDERED that the Motions are DENIED.

                                    _____
                                    Joseph J. Farnan, Jr., U.S.D.J.