IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KATHRYN L. FITZGIBBON, LAUREN M. FLEMING, and ALL SIMILARLY SITUATED CURRENT AND FORMER EMPLOYEES OF ING BANK, fsb, AND ITS WHOLLY OWNED SUBSIDIARIES<br>    Plaintiffs,<br><br>v.<br><br>ING BANK, fsb and ALL OTHER WHOLLY OWNED SUBSIDIARIES OF ING BANK, fsb, WHICH HAVE EMPLOYED SIMILARLY SITUATED CURRENT AND FORMER EMPLOYEES SINCE November 16, 2004<br>    Defendants. | CIVIL ACTION<br><br>NO. 07-735 (JJF) |

## APPLICATION FOR ORAL ARGUMENT

Defendant ING Bank, fsb ("Defendant" or "ING Bank"), by and through its undersigned counsel, hereby requests oral argument to be held on July 11, 2008 regarding Plaintiffs' Motion to Proceed as a Collective Action (D.I. 24) in accordance with Local Rule 7.1.4 and the Court's Standing Order for filing non-dispositive, non-patent motions and states as follows:

1.    On May 19, 2008, Plaintiffs filed both a Motion to Proceed as a Collective Action and a Notice of the motion. *See* D.I. 24. The Notice of motion provided that oral argument regarding the motion would be heard by the Court on June 6, 2008. *Id.*

2.    On June 4, 2008, the Court ruled that Plaintiffs' Notice of Motion was defective, cancelled the proposed oral argument scheduled for June 6, 2008, and informed Plaintiffs' counsel that they must re-notice the motion in accordance with the Court's procedure for filing non-case dispositive motions. *See* D.I. dated 6/4/08.

3.  On June 13, 2008, Plaintiffs' filed a Reply Brief in support of their Motion to Proceed As a Collective Action. *See* D.I. 27.

4.  As of today's date, Plaintiffs' counsel has not re-noticed their initial Motion as instructed by the Court. Thus, out of an abundance of caution, Defendant requests oral argument regarding Plaintiffs' Motion to Proceed as a Collective Action in accordance with Local Rule 7.1.4.

5.  Oral argument is especially warranted in this case to address the issues raised for the first time in Plaintiffs' Reply Brief which include, but are not limited to (1) Plaintiffs' proposed class definition, and (2) Plaintiffs' contention that the Court is not entitled to consider evidence in the form of declarations, or any other form of discovery, when deciding whether a proposed class is appropriate.

6.  First, Plaintiffs' proposed class definition completely discounts the "similarly situated" standard, which requires that plaintiffs in a misclassification case share common job duties and responsibilities. *See* 29 U.S.C. § 216(b). Plaintiffs would include every former and current employee in grades G-14 and below who were classified as exempt regardless of their job duties and daily activities. At a minimum, Plaintiffs should first take discovery and propose a class tailored to those who are in fact "similarly situated to them", if any. *See e.g., Bosley v. Chubb Corp.*, 2005 U.S. Dist. LEXIS 10974 at *10-11 (E.D. Pa. June 3, 2005) (only approving conditional class certification after plaintiffs conducted limited discovery and submitted evidence to support their motion).

7.  Second, Plaintiffs' contention that it is premature at this stage of the litigation to explore through declarations whether putative class members are "similarly situated" is entirely

inconsistent with the body of case law. In fact, the determination of whether the putative class members are "similarly situated" to the plaintiffs is exactly the analysis to be performed. Where, as here, there has been no discovery and Plaintiffs seek to join numerous employees who work in different departments and have vastly different job duties, there is nothing improper with Defendant submitting evidence regarding these subjects through declarations so that the Court can make the requisite determination of whether the putative members are "similarly situated" to named Plaintiffs. *See e.g., Herring v. Hewitt Assoc., Inc.*, 2007 WL 2121693 (D.N.J. July 24, 2007) (holding that Plaintiffs "must show a 'factual nexus between their situation and the situation of other current and former [employees] sufficient to determine that they are 'similarly situated'").

WHEREFORE Defendant ING Bank, fsb respectfully requests Oral Argument to be held on July 11, 2008 regarding Plaintiffs' Motion to Proceed as a Collective Action.

Respectfully submitted,

Dated: June 23, 2008

/s David Primack
David P. Primack (I.D. No. 4449)
DRINKER BIDDLE & REATH LLP
1100 N. Market Street
Wilmington, DE 19801-1254
(302) 467-4220
(302) 467-4201 fax
Attorneys for Defendant/Counterclaim Plaintiff
ING Bank, fsb

OF COUNSEL:
David J. Woolf
Edward N. Yost
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103

# CERTIFICATE OF SERVICE

I, David P. Primack, do hereby certify that, on this date, a true and correct copy of the foregoing Application for Oral Argument was timely served by CM/EMF and by first class mail, postage prepaid, upon the following counsel for Plaintiffs:

> Timothy J. Wilson, Esquire
> 1508 Pennsylvania Avenue
> Wilmington, Delaware 19806

Dated: June 23, 2008

/s David P. Primack
David P. Primack (I.D. No. 4449)
DRINKER BIDDLE & REATH LLP
1100 N. Market Street
Wilmington, DE 19801-1254
(302) 467-4220
(302) 467-4201 fax
david.primack@dbr.com

PHLIT/ 925025.1