```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF DELAWARE

KATHRYN L. FITZGIBBON, LAUREN   :
M. FLEMING, and ALL SIMILARLY   :
SITUATED CURRENT AND FORMER     :
EMPLOYEES OF ING BANK, fsb,     :
AND ITS WHOLLY OWNED            :
SUBSIDIARIES,                   :
                                :
          Plaintiffs,           :
                                :
     v.                         : Civil Action No. 07-735 JJF
                                :
ING BANK, fsb, (a Delaware      :
corporation), and ALL OTHER     :
WHOLLY OWNED SUBSIDIARIES OF    :
ING BANK, fsb, WHICH HAVE       :
EMPLOYED SIMILARLY SITUATED     :
CURRENT AND FORMER EMPLOYEES    :
SINCE November 15, 2004         :
                                :
          Defendants.           :
```

Timothy J. Wilson, Esquire & Jeffrey K. Martin, Esquire of MARTIN & WILSON, P.A. of Wilminton, DE.

Attorneys for Plaintiffs.

David J. Woolf, Esquire & Edward N. Yost, Esquire of DRINKER BIDDLE & REATH LLP of Philadelphia, PA.
Darryl A. Parson, Esquire & David P. Primack, Esquire of DRINKER BIDDLE & REATH LLP of Wilmington, DE.

Attorneys for Defendant.

**MEMORANDUM OPINION**

August 26, 2008

*Joseph J. Farnan Jr.*
Farnan, District Judge

Pending before the Court are Plaintiffs' Motion to Dismiss Defendant's Counterclaims and Motion for Judgment on the Pleadings (D.I. 13). For the reasons discussed, Plaintiffs' motions will be denied.

## I. Background

On November 16, 2007, Plaintiffs Kathryn L. Fitzgibbon and Lauren M. Fleming ("Plaintiffs")[1] filed the present action against Defendants ING Bank, fsb, and all other wholly owned subsidiaries of ING Bank, fsb, (collectively, "Defendant" or "ING Bank") alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., retaliation, and breach of contract. (D.I. 1.) Specifically, Plaintiffs allege that Defendant withheld overtime compensation due them under the FLSA. On December 10, 2007, Defendant filed an Answer and Counterclaims alleging fraudulent misrepresentation and breach of the covenant of good faith and fair dealing arising out of Plaintiffs' execution of severance agreements with Defendant. (D.I. 7.)

Plaintiffs are former employees of ING Bank whose employment was terminated on August 27, 2007. In connection with their separation, Defendant offered Plaintiffs a severance package, as set forth in written severance agreements ("Severance

---

[1] Plaintiffs currently have a Motion to Proceed as a Collective Action pending (D.I. 24). The Court will use the term "Plaintiffs" to refer only to Plaintiffs Fitzgibbon and Fleming.

1

Agreements"). (D.I. 7 at ¶8.) The agreements contained, <u>inter alia</u>, the following clause:

> WHEREAS, the parties now desire and agree to fully and finally resolve any and all existing or potential issues, claims, grievances and disputes that relate to or arise out of the Employee's employment relationship with the Bank or the termination thereof by the Bank.

(<u>Id.</u> at ¶9)("Whereas Clause"). Plaintiffs' counsel contacted Defendant to negotiate the terms of the Severance Agreements, and Defendant made certain changes to the agreements at Plaintiffs' request. (<u>Id.</u> at ¶¶10, 11.) Plaintiffs Fleming and Fitzgibbon executed separate severance agreements, each of which contained the Whereas Clause, on September 9 and September 10, 2007, respectively. (<u>Id.</u> at ¶¶12, 18.) By its Counterclaims, Defendant alleges that prior to their execution of the severance agreements, each named Plaintiff concluded that she wished to assert claims for unpaid overtime compensation against Defendant. (<u>Id.</u> at ¶¶13, 19.) Prior to their execution of the Severance Agreements, Plaintiffs did not attempt to negotiate a revision to the Whereas Clause or request that it be deleted. (<u>Id.</u> at ¶¶16, 22.)

On September 10, 2007, Defendant executed the Severance Agreements and began making payments to Plaintiffs in accordance with the terms of the agreements. (<u>Id.</u> at ¶¶24, 26.) On October 5, 2007, Plaintiffs' counsel notified Defendant by letter that Plaintiffs intended to assert FLSA overtime claims against it.

(Id. at ¶27.)  Shortly thereafter, Defendant ceased performance of the terms of the Severance Agreements.  (D.I. 1 at ¶46.)

## II. Legal Standard

### A. Rule 12(b)(6) Motion to Dismiss

"The standards for determining a motion to dismiss a counter-claim are the same as for determining a motion to dismiss a complaint." Milton Roy Co. v. Bausch & Lomb, Inc., 418 F. Supp. 975, 978 (D. Del. 1976)(citations omitted).  Pursuant to Rule 12(b)(6), a party may move to dismiss a complaint for failure to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  When reviewing a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the non-movant. Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007).  A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8.  A non-movant is required to make a "showing" rather than a blanket assertion of an entitlement to relief. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008).  The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption

3

that all of the allegations in the complaint are true (even if doubtful in fact)." Twombly 127 S.Ct. at 1965 (citations omitted).

    B.   Rule 12(c) Motion for Judgment on the Pleadings

Under Rule 12(c), judgment will not be granted unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law. Jablonski v. Pan American World Airways, Inc., 863 F.2d 289, 290 (3d Cir. 1988)(internal quotations and citations omitted). A motion under Rule 12(c) is reviewed under the same standard as a motion to dismiss under Rule 12(b)(6). Turbe v. Government of the Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991).

**III. Discussion**

    A.   Plaintiffs' Motion to Dismiss

By their motion, Plaintiffs contend that Defendant's counterclaims should be dismissed because, as a matter of law, employees cannot waive their right to file a claim under the FLSA. This well-settled principle bars Defendant's Counterclaims because, Plaintiffs contend, the Counterclaims are "necessarily based upon the basic premise that the Severance Agreements contained a waiver for FLSA claims and Plaintiff waived those

4

rights."[2]  (D.I. 14 at 6.)  Plaintiffs contend that even if they had intended to waive their rights to bring this action, they could not have, as waivers of FLSA rights are void as contrary to public policy.

In response, Defendant contends that Plaintiffs mistakenly cast the issue as one of waiver of FLSA rights, whereas in fact Defendant has not and does not contend that Plaintiffs have waived their FLSA rights in the Severance Agreements.  Defendant further contends that Plaintiffs have not addressed any of the elements of the Defendant's actual Counterclaims - fraudulent misrepresentation and breach of the implied covenant of good faith and fair dealing - and that Plaintiffs' motion thus fails.

The question before the Court is whether Plaintiffs' argument that Defendant's counterclaims necessarily depend on a waiver of FLSA rights is correct.  If not, then Plaintiffs' focus on the illegality of FLSA waivers is irrelevant to Defendant's counterclaims.  To begin, the Court notes, as a factual matter, that Plaintiffs mistakenly assumed that Defendant would contend that the Severance Agreements contain a waiver of FLSA rights.  (See D.I. 14 at 6 n.1.)  Regardless of this factual error, Plaintiffs contend as a matter of law that "[w]ithout this basic premise, there is no underlying contract clause from which

---

[2]Plaintiffs note that they do not believe that a waiver of FSLA rights was intended to be included in the Severance Agreements.  (D.I. 14 at 6 n.1.)

5

Defendant's Counterclaims may attach." (Id. at 6.)

The Court concludes that Plaintiffs misapprehend the nature of Defendant's counterclaims. By its counterclaims, Defendant is not attempting to <u>enforce</u> any provision of the Severance Agreements, but to <u>invalidate</u> the agreements entirely. Indeed, the relief sought by Defendant includes "[v]oiding the severance agreements executed by Plaintiffs." (D.I. 7 at ¶40.) Plaintiffs are correct in stating that an employee cannot waive FLSA protections, <u>see, e.g.</u>, <u>Brooklyn Savings Bank v. O'Neil</u>, 324 U.S. 697, 704 (1945), but the caselaw Plaintiff cites is inapplicable insofar as it involves the validity of FLSA waivers, <u>see, e.g.</u>, <u>Brooklyn Savings</u>, 324 U.S. at 704-14. Neither party to this action contends that the Severance Agreements contain a FLSA waiver.

Moreover, the Court concludes that the counterclaims Defendant asserts – fraudulent misrepresentation and breach of the duty of good faith and fair dealing – do not depend on Plaintiffs having released their FLSA rights. Fraudulent misrepresentation requires five elements: (1) a false representation by party A; (2) knowledge or belief by party A the that the representation was false, or was made with reckless indifference to the truth; (3) an intent to induce the party B to act or to refrain from acting; (4) party B's action or inaction was taken in justifiable reliance upon the representation; and

(5) damages to the party B as a result of such reliance. <u>E.I. DuPont de Nemours and Co. v. Florida Evergreen Foliage</u>, 744 A.2d 457, 461-62 (Del. 1999)(citations omitted). The covenant of good faith and fair dealing "requires a party in a contractual relationship to refrain from arbitrary or unreasonable conduct which has the effect of preventing the other party to the contract from receiving the fruits of the contract." <u>Wilgus v. Salt Pond Inv. Co.</u>, 498 A.2 151, 159 (Del. Ch. 1985)(citing Restatement (Second) of Contracts § 205 (1981)). Neither counterclaim requires, or attempts to enforce, a waiver of FLSA rights. Accordingly, Plaintiffs have failed to establish that Defendant's counterclaims fail as a matter of law and the Court will deny Plaintiffs' motion to dismiss.

    B.    <u>Plaintiffs' Motion for Judgment on the Pleadings</u>

Construing the Counterclaims to aver that the Whereas Clause contains a waiver of FLSA rights, Plaintiffs contend that the Whereas Clause must be stricken from the Severance Agreements pursuant to ¶ 13 of the Agreements[3] because such a waiver is null and void. Plaintiffs further contend that as no basis would then remain for Defendant to contest Count III of the Complaint, the Court should enter judgment on the pleadings.

---

[3] Paragraph 13 states: "If any terms or provisions of this Agreement are found null, void, or inoperative, for any reason, the remaining provisions will remain in full force and effect." (D.I. 7 at ¶13.)

As discussed above, Defendant does not contend that the Whereas Clause acts as a waiver of FLSA rights. Plaintiffs' contentions thus miss the mark, and the Court concludes that Plaintiffs have not established that no material issues of fact remain. Accordingly, the Court will deny Plaintiffs' motion for judgment on the pleadings.

**IV. Conclusion**

For the reasons discussed, the Court will deny Plaintiffs' Motion to Dismiss Defendants' Counterclaims and Motion for Judgment on the Pleadings.

An appropriate order will be entered.